**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-01732 (JEB) |
| | ) | |
| U.S SECURITIES AND EXCHANGE COMMISSION et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER

Defendants the U.S. Securities and Exchange Commission ("SEC") and Mary L. Schapiro, Chairman of the SEC, sued in her official capacity (collectively, "Defendants"), hereby respond to each numbered paragraph of the Complaint for Declaratory, Injunctive and Mandamus Relief of plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW") as follows:

1.  This paragraph contains plaintiff's characterization of its action against defendants to which no answer is required, but insofar as an answer may be deemed necessary, defendants deny that plaintiff is entitled to the relief requested or to any other relief.

2.  This paragraph contains plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required.

3.  Defendants admit that venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

4.  Defendants are without first-hand knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

5.  Defendants are without first-hand knowledge or information to confirm or deny the allegations contained in the first and second sentences of this paragraph.  With respect to the third sentence of this paragraph, defendants admit that CREW submitted a FOIA request dated September 14, 2011, attached as Exhibit B to plaintiff's opposition to defendants' Motion to Dismiss (dkt #8-1), the content of which speaks for itself.  To the extent that the allegations contained in the third sentence of this paragraph are inconsistent with CREW's September 14, 2011 FOIA request, the allegations are denied. Defendants are without first-hand knowledge or information sufficient to confirm or deny the allegations contained in the fourth and fifth sentences of this paragraph.

6.  This paragraph contains conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer the Court to the Federal Records Act ("FRA"), 44 U.S.C. §§ 2101 et seq., 2901 *et seq.*, 3101 *et seq.*, and 3301 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701(b)(1), and the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, for a full and accurate statement of their content.

7.  Defendants admit the first sentence of this paragraph.  The remaining allegations of this paragraph contain conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer the Court to the FRA, 44 U.S.C. §§ 2101 et seq., 2901 *et seq.*, 3101 *et seq.*, and 3301 *et seq.*, for a full and accurate statement of its contents.

8.   This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to the FRA, 44 U.S.C. §§ 2101-18, 2901-09, 3101-07, and 3301-24, for a full and accurate statement of their content.

9.   This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. §§ 3101 and 2901(14) for a full and accurate statement of their content.

10.   This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. § 3301 for a full and accurate statement of its contents.

11.   This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. §§ 3301 *et seq.* (Ch. 33 Disposal of Records) and 3314 for a full and accurate statement of their content.

12.   This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. §§ 3303 and 3303a(a) for a full and accurate statement of their content.

13.   This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. § 2905(a) for a full and accurate statement of its contents.

14.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. § 3106 for a full and accurate statement of its contents.

15.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. §§ 3102 and 3105 for a full and accurate statement of their content.

16.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 17 C.F.R. § 202.5(a) for a full and accurate statement of its contents.

17.  Defendants deny the allegations contained in this paragraph except to admit that the SEC and its Enforcement staff have used the terms "matter under inquiry," "MUI," informal investigation," and "preliminary investigation."

18.  This paragraph contains plaintiff's characterization of the SEC's Enforcement Manual, the content of which speaks for itself.  To the extent that the allegations contained in this paragraph are inconsistent with the manual, defendants deny the allegations.

19.  Defendants admit that former Director Thomsen referred to "preliminary investigations" and "full investigations" in testimony before the U.S. Senate Committee on Banking, Housing, and Urban Affairs in January 2009 (full text available at http://www.sec.gov/news/testimony/2009/ts112709lct.htm), and that in printed materials prepared for the SEC's 2005 International Institute (available at http://www.sec.gov/about/offices/oia/oia_enforce/overviewenfor.pdf), former Director Thomsen referred to "informal investigations," "preliminary investigations," and "formal

investigations." To the extent that the allegations contained in this paragraph are inconsistent with the above-referenced testimony and materials, the content of which speaks for itself, defendants deny the allegations.

20. The first sentence of this paragraph contains plaintiff's characterization of the SEC's Enforcement Manual, the content of which speaks for itself. To the extent that the allegations contained in the first sentence are inconsistent with the Manual, defendants deny the allegations. The remaining allegations of paragraph 20 are denied.

21. Defendants admit that NARA has previously approved a records disposition schedule for SEC "Investigative Case Files," the content of which speaks for itself. To the extent that the allegations contained in this paragraph are inconsistent with the schedule, defendants deny the allegations.

22. Denied.

23. Defendants lack sufficient knowledge or information regarding the specific report or source on which plaintiff relies to confirm or deny the allegations contained in this paragraph.

24. Defendants admit that in 2010 Darcy Flynn participated in internal discussions regarding Enforcement Division policies governing document retention and record preservation, and that Darcy Flynn contacted NARA in 2010. The remaining allegations of paragraph 24 are denied.

25. This paragraph contains plaintiff's characterization of a letter sent by Paul Wester of NARA to SEC staff dated July 29, 2010, the content of which speaks for itself. To the extent that the allegations contained in this paragraph are inconsistent with the letter, defendants deny the allegations.

26.   Defendants admit that SEC employees discussed internally how to respond to Mr. Wester's letter, and that SEC staff sent to NARA a responsive letter dated August 2, 2010, which contains the excerpts quoted in this paragraph.  The remaining allegations of paragraph 26 are denied.

27.   Defendants lack sufficient knowledge or information regarding the specific report or source on which plaintiff relies to confirm or deny the allegations contained in this paragraph, although defendants admit that there were media reports in 2011 that contained allegations of SEC destruction of investigative file documents.  With respect to the second and third sentences of this paragraph, defendants admit that counsel for Darcy Flynn sent letters to Chairman Schapiro dated August 22, 2011 and September 6, 2011, the content of which speaks for itself.  To the extent that the allegations in the second and third sentences are inconsistent with these letters, defendants deny the allegations.  The last sentence of this paragraph is denied.

28.   Defendants admit that Senator Charles Grassley sent a letter to Chairman Schapiro dated August 17, 2001, the content of which speaks for itself.  To the extent that the allegations contained in this paragraph are inconsistent with the letter, defendants deny the allegations.

29.   Defendants admit that NARA issued a statement dated August 18, 2011, the content of which speaks for itself.  To the extent that the allegations contained in this paragraph are inconsistent with the statement, defendants deny the allegations.

30.   Defendants lack sufficient knowledge or information concerning any conclusion reached by NARA to confirm or deny the allegations contained in this paragraph.

31. Defendants admit that SEC Enforcement Director Robert Khuzami sent a letter to Senator Grassley dated September 14, 2011, the content of which speaks for itself. To the extent that the allegations contained in this paragraph are inconsistent with the letter, defendants deny the allegations.

32. This paragraph contains plaintiff's characterization of the September 14, 2011 letter sent by Robert Khuzami to Senator Grassley, the content of which speaks for itself. To the extent that the allegations contained in this paragraph are inconsistent with the letter, defendants deny the allegations.

33. This paragraph contains plaintiff's characterization of the September 14, 2011 letter sent by Robert Khuzami to Senator Grassley, the content of which speaks for itself. To the extent that the allegations contained in this paragraph are inconsistent with the letter, defendants deny the allegations.

34. The first sentence of this paragraph contains plaintiff's characterization of the September 14, 2011 letter sent by Robert Khuzami to Senator Grassley, the content of which speaks for itself. To the extent that the allegations contained in this sentence are inconsistent with the letter, defendants deny the allegations. The second sentence of this paragraph is denied.

35. Defendants deny the first sentence of this paragraph except to admit that Paul Wester sent a letter to SEC staff dated September 9, 2011. The second sentence of this paragraph contains plaintiff's characterization of the letter, the content of which speaks for itself. To the extent that the allegations in this sentence are inconsistent with that letter, defendants deny the allegations.

36.  This paragraph contains plaintiff's characterization of the letter sent by Paul Wester to SEC staff dated September 9, 2011.  To the extent that the allegations contained in this paragraph are inconsistent with that letter, defendants deny the allegations.

37.  Denied.

38.  The claim to which these allegations relate has been dismissed, and thus no response is required.

39.  The claim to which these allegations relate has been dismissed, and thus no response is required.

40.  The claim to which these allegations relate has been dismissed, and thus no response is required.

41.  The claim to which these allegations relate has been dismissed, and thus no response is required.

42.  The claim to which these allegations relate has been dismissed, and thus no response is required.

43.  The claim to which these allegations relate has been dismissed, and thus no response is required.

44.  The claim to which these allegations relate has been dismissed, and thus no response is required.

45.  The claim to which these allegations relate has been dismissed, and thus no response is required.

46.  The claim to which these allegations relate has been dismissed, and thus no response is required.

47. The claim to which these allegations relate has been dismissed, and thus no response is required.

48. The claim to which these allegations relate has been dismissed, and thus no response is required.

49. The claim to which these allegations relate has been dismissed, and thus no response is required.

50. The claim to which these allegations relate has been dismissed, and thus no response is required.

51. The claim to which these allegations relate has been dismissed, and thus no response is required.

52. The claim to which these allegations relate has been dismissed, and thus no response is required.

53. Defendants repeat their answers to all preceding paragraphs.

54. This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. § 3106 for a full and accurate statement of its contents.

55. This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. § 3106 for a full and accurate statement of its contents.

56. This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants deny the allegations contained therein and respectfully refer this Court to 44 U.S.C. § 3106 for a full and accurate statement of its contents.

57.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants deny that plaintiff is entitled to the relief requested or to any relief whatsoever.

58.  Defendants repeat their answers to all preceding paragraphs.

59.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants respectfully refer this Court to 44 U.S.C. § 3106 for a full and accurate statement of its contents.

60.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants deny that 44 U.S.C. § 3106 imposes ministerial duties upon the SEC or Chairman Schapiro, with no discretion, and respectfully refer this Court to 44 U.S.C. § 3106 for a full and accurate statement of its contents.

61.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, except to the extent that it states a legal conclusion to which no response is required.

62.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants deny the allegations contained therein and respectfully refer this Court to 44 U.S.C. § 2905 for a full and accurate statement of its contents.

63.  This paragraph contains plaintiff's conclusions of law to which no response is required, but insofar as an answer is deemed necessary, defendants deny that plaintiff is entitled to the relief requested or to any relief whatsoever.

64.  The claim to which these allegations relate has been dismissed, and thus no response is required.

65.  The claim to which these allegations relate has been dismissed, and thus no response is required.

66.  The claim to which these allegations relate has been dismissed, and thus no response is required.

67.  The claim to which these allegations relate has been dismissed, and thus no response is required.

68.  The claim to which these allegations relate has been dismissed, and thus no response is required.

69.  The claim to which these allegations relate has been dismissed, and thus no response is required.

70.  The claim to which these allegations relate has been dismissed, and thus no response is required.

## **PRAYER FOR RELIEF**

This remaining unnumbered paragraph, including subparts (1) through (5), contains plaintiff's demand for relief to which an answer is not required, but insofar as an answer is deemed necessary, defendants deny that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendants further deny any and all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff lacks standing to pursue any of its claims.

### THIRD DEFENSE

Plaintiff fails to state a cause of action for mandamus relief because the Federal Records Act provisions relied upon by plaintiff do not state ministerial duties.

WHEREFORE, defendants pray for an order (1) denying plaintiff's request for relief; and (2) for such other and further relief as the Court deems just and proper.

Dated June 6, 2012                          Respectfully submitted,

                                            STUART F. DELERY
                                            Acting Assistant Attorney General

                                            RONALD C. MACHEN
                                            United States Attorney

                                            ELIZABETH J. SHAPIRO
                                            Deputy Branch Director

                                               /s/ Lynn Y. Lee
                                            LYNN Y. LEE
                                            Trial Attorney
                                            U.S. Department of Justice, Civil Division
                                            Federal Programs Branch
                                            Washington, D.C. 20044
                                            Tel: (202) 305-0531
                                            Fax: (202) 616-8470
                                            lynn.lee@usdoj.gov

                                            *Attorneys for Defendants*